IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonothan Christian Vick, ) | |
| ) | No. 0:14-cv-3180-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden, Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 42), recommending Respondent's Motion for Summary Judgment (Dkt. No. 33) be granted. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 33) is **GRANTED**.

Jonothan Vick ("Petitioner"), a prisoner at the Broad River Correctional Institution proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel. Pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2) DSC, the matter was automatically referred to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment (Dkt. No. 33) and a Return and Memorandum to the Petition (Dkt. No. 34). The Magistrate Judge issued the present R & R, recommending that the motion be granted and Petitioner timely filed an objection to the R & R on July 6, 2015 (Dkt. No. 44).

### I. Background

The R & R ably recites the facts of the case and it is unnecessary to reproduce them in whole here. In short, Petitioner was indicted in January 2006 in Spartanburg County for

kidnapping, criminal sexual conduct in the first degree, and murder (2006-GS-42-309, 310, 311). He was tried before a jury and found guilty as charged. The circuit court sentenced him to life imprisonment for murder, thirty years' imprisonment for criminal sexual conduct, and thirty years' imprisonment for kidnapping. Petitioner timely appealed his sentence and the kidnapping sentence was vacated. He then filed a petition for rehearing, which was denied, and unsuccessfully filed for post-conviction relief ("PCR"). He also filed an appeal of the PCR decision and a petition for a writ of certiorari from the South Carolina Supreme Court, both of which were denied. This action followed.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Where the Petitioner fails to file specific objections to the Report and Recommendation, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ.P. 72 advisory committee note).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

2

facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgement shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

### III. Law/Analysis

The Court hereby adopts and incorporates the analysis of the Report and Recommendation. As the Magistrate Judge found, Petitioner's arguments regarding trial counsel's ineffectiveness in failing to argue evidence of third party guilt at trial are procedurally barred, and Petitioner's explanation that the argument only "recently came to his attention" (Dkt. No. 1) is not sufficient to excuse the procedural default. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner's other arguments, including trial counsel's ineffectiveness in failing to make certain arguments and objections, allowing and stipulating to certain evidence, failing to strike a juror for bias, and refusing to subpoena potential defense witnesses, do not present a material fact as to whether counsel was so ineffective as to preclude any reasonable argument that counsel satisfied the *Strickland* standard. *See Harrington v. Richter*, 562 U.S. 86 (2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); Dkt. No. 42 at 12. To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The PCR court appropriately and thoroughly addressed Petitioner's claims of ineffective assistance of counsel and no evidence is present to indicate that the trial court proceedings or the PCR decisions were "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner has filed objections, reasserting his position that Item 156 (a sample of pubic hair and the comb used to collect it) was improperly used at trial since it was not formally admitted into evidence. (Dkt. No. 44 at 2). This issue was fully addressed in the R & R and Petitioner has not shown that he was prejudiced by the use of Item 156 or that no reasonable jury

4

could have convicted him based on the remaining evidence. In fact, Petitioner's objections only assert that it would be reasonable for a fair minded jurist to conclude he was innocent; even if he were able to prove this statement, it would not be sufficient to support a grant of habeas.

The Court is charged with liberally construing the complaints filed by *pro se* litigants in order to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto,* 405 U.S. 319 (1972), and *Haines v. Kerner,* 404 U.S. 519 (1972). However, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). Here, the Court finds that Petitioner has not raised a genuine issue of material fact that could create a dispute as to whether a writ of habeas corpus is merited in this case. Therefore, Respondent's motion is hereby granted.

## IV. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge and those discussed herein, Respondent's Motion for Summary Judgment (Dkt. No. 33) is **GRANTED** and the habeas petition is **DISMISSED**.

## V. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

5

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

July 20, 2015
Charleston, South Carolina

6